IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER C. CROMARTIE, | CIV. NO. 20-00242 LEK-RT |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S EX PARTE MOTION FOR DEFAULT JUDGMENT |
| TONIA L. BROWN, CHARLES A. BROWN and DEMETRIA BROWN, | |
| Defendants. | |

**FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S EX PARTE MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff Christopher C. Cromartie's *Ex Parte Motion for Default Judgment* ("Motion" or "Motion for Default Judgment"), filed on September 3, 2021.  ECF No. 20.  The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  After careful review of the Motion, records in this case, and applicable law, the Court FINDS and RECOMMENDS that the district court DENY *Plaintiff's Motion for Default Judgment*.

Plaintiff alleges that a copy of the Summons and Complaint was served on Defendants Tonia L. Brown, Charles A. Brown, and Demetria Brown (collectively "Defendants") and that default judgment is being sought because "Defendants have

failed to answer, appear, or otherwise defend, and the time to otherwise move or plead has expired and has not been extended in this action." Id. at PageID #: 59. Plaintiff filed his *Complaint* on May 26, 2020.  ECF No. 1.  On July 15, 2020, Plaintiff filed three *Proof of Service* documents, which indicated each Defendant had been served the *Summons* and *Complaint* on June 29, 2020.  ECF Nos. 8, 9 and 10.  Thereafter, on July 21, 2020, Defendants filed their *Answer*.  ECF No. 11.

On August 14, 2020, the Court convened a Rule 16 Scheduling Conference at which all parties appeared by telephone.  ECF No. 14.  After advising all parties of their obligations as pro se litigants to "participate in this action, attend all court proceedings, meet all deadlines, and comply with all court rules and orders[,]" the Court then continued the Rule 16 Scheduling Conference to September 15, 2020 and ordered the parties to meet and confer by August 28, 2020 to discuss resolution of this action.  Id.  This included the Court's suggestion to explore the possibility of dismissing this action without prejudice and then pursue it in the appropriate California court.  Id.

At the September 15, 2020, Rule 16 Scheduling Conference, the parties reported no resolution was reached.  ECF No. 15.  The Court then again reminded the parties of their obligations as pro se litigants and set the case for trial December 6, 2021 before the district judge.  Id.  That same day, the Court filed the Rule 16 Scheduling Order.  ECF No. 16.  On December 15, 2020, the Court convened a

Confidential Telephone Conference at which the parties reported no further settlement discussions had occurred.  ECF No. 18.

On August 27, 2021, the Court convened a Settlement Conference for which all parties failed to submit a confidential settlement conference statement.  ECF No. 19.  As a result, no settlement discussions took place.  The Court again reminded all parties of their obligations as pro se litigants to comply with all court rules, dates, and deadlines.  Id.  The parties were cautioned that failure to do so may result in sanctions.  Id.; see LR16.1 (All counsel and self-represented litigants shall proceed with diligence to take all steps necessary to bring an action to readiness for trial.  When it appears that counsel or a self-represented party is not prosecuting the case with such diligence, the court may impose sanctions . . . ").

At present, most pre-trial deadlines have expired or will expire soon.  ECF No. 16.  Trial-related deadlines remain unexpired.  Id.  To date, none of the parties have filed any prior pretrial motions nor does it appear that they have engaged in any discovery.  More critically, at no point prior to the filing of the instant motion, did Plaintiff seek entry of default as required.  As such, the Court Clerk has not entered default in this case, which is required before any motion for default judgment can be filed or granted.

"The Ninth Circuit Court of Appeals has explained Rule 55 as requiring a 'two-step process' consisting of (1) seeking the clerk's entry of default; and (2)

3

filing a motion for entry of default judgment." Ramsey v. Hawaii, Civ. No. 20-00215 JMS-KJM, 2020 WL 5754010, at *1 (D. Haw. Sept. 2, 2020), report and recommendation adopted as modified, Civ. No. 20-00215 JMS-KJM, 2020 WL 5753965 (D. Haw. Sept. 25, 2020) (citing Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009)).  Plaintiff's Motion for Default Judgment is thus premature as an entry of default must precede a motion for default judgment. See Haynes v. R.W. Selby Co. Inc., 457 Fed. Appx. 659, 660 (9th Cir. 2011) (citing Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986)) (Because Plaintiff failed to obtain an entry of default, default judgment should be denied). Accordingly, the Court RECOMMENDS that the district court DENY Plaintiff's Motion for Default Judgment.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 7, 2021.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 20-00242 LEK-RT; *Christopher C. Cromartie vs. Tonia L. Brown, et al.*; Findings and Recommendation to Deny Plaintiff's Ex Parte Motion for Default Judgment