IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER C. CROMARTIE,<br><br>Plaintiff,<br><br>vs.<br><br>TONIA L. BROWN, CHARLES A. BROWN, DEMETRIA BROWN,<br><br>Defendants. | CIV. NO. 20-00242 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

**FINDINGS AND RECOMMENDATION TO DISMISS
PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**

Before the Court is Plaintiff Christopher C. Cromartie's Complaint for a Civil Case ("Complaint"), filed on May 26, 2020. ECF No. 1. In this case, Plaintiff and the named Defendants are pro se litigants and thus, the Court shall liberally construe the parties' pleadings. Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); see Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003). Upon careful review of the Complaint, the Court finds that Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and recommends the Complaint be dismissed without prejudice and with leave to amend.

## BACKGROUND

Plaintiff pro se Christopher C. Cromartie ("Plaintiff") initiated this action by Complaint filed on May 26, 2020. ECF No. 1. Plaintiff names three defendants, Tonia L. Brown, Charles A. Brown, and Demetria Brown (collectively "Defendants"). Id. Plaintiff alleges the basis for this Court's jurisdiction is diversity of citizenship. Id. The Complaint is a narrative of Plaintiff's experience with a court in California, child support payments, and a court appointed attorney. The Complaint poses rhetorical questions and consists of Plaintiff's personal commentary. However, the Complaint fails to identify any legal claims.

Under the heading, "Statement of Claim," Plaintiff alleges the following, which is reproduced verbatim in its entirety:

> Charles Brown along with a court appointed [sic] falsified court documents. Tonia Brown his daughter furthered the claim by asking for fictional child support amounts. This all took place in California San Jose.
>
> Fraudulently keep asking for childcare when for two plus years she worked from home and when she she started working the kids never when to childcare. If so how come nothing was ever verified? Why hasn't the FBI been notified one Charles Brown signed a child support order stating he's an attorney? So now The Who aloud the the clerk who filed it the case worker who supposedly reviewed the case but no reds flags after years of complaints by me of these wrongdoings. Everything just keeps getting swept under the rug. I have over paid on this case and my next step is to contact the FBI because this is ridiculous. Charles Brown could negotiate child support up but it was more then my income so you took half but still left me getting arrears I try to file it keeps getting denied. At one point Charles was impersonating the court appointed attorney I had to jump through hoops

2

> for a paternity test and it still seems odd.  Seriously how much more of a cover up has to happen on this case?
>
> I sat in the room with the court appointed attorney going over what would be my child support payment amount which was supposed to be 350 a month.  Knock on the door in walks Charles brown he starts high fiving and cracking jokes with the court appointed attorney.  Charles snatches the paperwork from reads says that not enough and started negotiating with the attorney while they laugh.  Charles Brown signs all the paperwork stating he's the attorney of record looking over at telling me to shut up or else get arrested for threatening him and the attorney.  I never said one word feeling helpless.  This has been an ongoing issue I've tried to resolve with Tonia Brown because I told her I never wanted to sue her family or cause them any financial issues.  Her statement "if you sue my family I'll have someone kill you like my cousin Davida butler had her ex-boyfriend mark killed".  Mark last name I can't recall but I do know the FBI did investigate this crime just couldn't figure it out. So safety of myself and family is an issue as I do believe they will cause harm to me because my lawsuit against them can be proven.  Demetria brown is named as beneficiary of Charles Brown as he may be deceased from rumors I've heard but Mr. Brown is the legal purchaser of his home not sure I can legally go after his pension.

<u>Id.</u> at PageID #: 7-9 (errors in original).  Under the heading, "Relief," Plaintiff alleges the following, which is also reproduced verbatim below:

> A police officer at the time Charles Brown signed legal documents stating he was an attorney helping his daughter Tonia Brown.  Supposedly he was terminated but his deceptive actions has left myself and minor children millions in debt.

<u>Id.</u> at PageID #: 10 (errors in original).

Plaintiff does not cite to any legal authority.  Nor does Plaintiff attempt to identify any causes of action, much less the elements for each cause of action and the alleged facts supporting each element.  Nor does Plaintiff specify the claims

3

and conduct attributed to each of the named Defendants.  Plaintiff also fails to attach or refer to any exhibits in support of the Complaint.

## DISCUSSION

The court may dismiss a complaint for failure to comply with Fed. R. Civ. P. 8.  See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008).  Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A complaint that is so confusing such that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8.  Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)).  Thus, a complaint may be dismissed for failure to comply with Rule 8 if the complaint fails to provide the defendants with fair notice of the wrongs that they have allegedly committed.  See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

First, even liberally construed, Plaintiff's Complaint is insufficient for the Court to determine the legal basis for any possible claim. As noted above, Fed. R. Civ. P. 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). The Complaint is written as a narrative and does not state any cohesive claim that can be construed as a particular claim to relief. Further, the Plaintiff does not provide any legal support for any of his allegations. After carefully reviewing Plaintiff's Complaint, the Court concludes that the Complaint fails to state any discernable basis for judicial relief.

Second, Plaintiff fails to allege any dates or time frame for the alleged wrongful acts by Defendants. Without such a temporal reference, it is impossible for the Court to determine whether Plaintiff's claims were brought within any applicable statute of limitations or whether they may be time-barred. Different statutes of limitations apply to different causes of action depending on the type of claim alleged. Finally, to the extent the events at issue occurred in California, it does not appear that this Court is the proper venue to hear this matter. See 28 U.S.C. § 1391(b).

Although the Complaint is grossly deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to

amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126-1129 (9th Cir. 2000) (en banc).  Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED without prejudice, and Plaintiff be given leave to file an amended complaint, no later than thirty days from the district court's adoption of this Court's Findings and Recommendation.  If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference.  See Local Rule 10.3.  However, Plaintiff shall not file any amended complaint until the district court rules on this Court's Findings and Recommendation.

## CONCLUSION

Based on the foregoing, the Court RECOMMENDS that the district court:

1) **DISMISS** the Complaint without prejudice;

2) **GRANT** Plaintiff leave to file an amended complaint no later than thirty days from the district court's adoption of this Findings and Recommendation;

3) CAUTION Plaintiff that failure to file an amended complaint within the time frame specified above will result in the automatic dismissal of this action.

6

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, November 1, 2021.



Rom A. Trader
United States Magistrate Judge

Civ. No. 20-00242 LEK-RT;  *Christopher C. Cromartie vs. Tonia L. Brown, et al.*;
Findings and Recommendation to Dismiss