UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER C. CROMARTIE,<br><br>          Plaintiff,<br><br>     vs.<br><br>TONIA L. BROWN, CHARLES A. BROWN, DEMETRIA BROWN,<br><br>          Defendants. | CIV. NO. 20-00242 LEK-RT |

## ORDER DISMISSING CASE WITH PREJUDICE

On May 26, 2020, pro se Plaintiff Christopher C. Cromartie ("Plaintiff") filed his Complaint for a Civil Case ("Complaint"). [Dkt. no. 1.] On November 1, 2021, the magistrate judge issued findings and recommendations to dismiss the Complaint without prejudice ("F&R"). [Dkt. no. 30.] In other words, the magistrate judge recommended that Plaintiff be allowed to file an amended complaint to attempt to cure the defects in the Complaint that the magistrate judge identified in the F&R. On December 13, 2021, this Court issued an order adopting the F&R and allowing Plaintiff to file an amended complaint by January 10, 2022. [Dkt. no. 31.]

As of the date of this Order, Plaintiff has neither filed an amended complaint nor requested an extension of the filing deadline. Because Plaintiff has not identified any circumstance which constitutes good cause warranting an

extension of the January 10, 2022 deadline, this Court has the discretion to dismiss the Complaint with prejudice. See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)).[1]  After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[2] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of Plaintiff's claims on the merits.  This is particularly true because, "even liberally construed, Plaintiff's Complaint is insufficient for the Court to determine

---

[1] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[2] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

the legal basis for any possible claim." See F&R at 5. Moreover, the defendants, who are also proceeding pro se, will not be prejudiced by the dismissal with prejudice because the parties have not conducted any discovery nor engaged in any motions practice. See Minutes - EP: Final Pretrial Conference not held, filed 10/26/21 (dkt. no. 28), at PageID #: 107. Further, there are no less drastic alternatives available at this time.

The claims in Plaintiff's Complaint, which this Court previously dismissed without prejudice, are HEREBY DISMISSED WITH PREJUDICE. This Court DIRECTS the Clerk's Office to enter final judgment and close the case on **February 3, 2022,** unless Plaintiff files a timely motion for reconsideration of this Order as provided for in the Local Rules of Practice for the United States District Court for the District of Hawaii.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 19, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER C. CROMARTIE VS. TONIA L. BROWN, ET AL; CV 20-00242 LEK-RT; ORDER DISMISSING CASE WITH PREJUDICE**